IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH BAUMAN,              ) | |
|                              ) | |
|         Plaintiff,           ) | |
|                              ) | |
|         v.                   ) | CIVIL ACTION NO. 1:10cv042-WC |
|                              ) | |
| MICHAEL J. ASTRUE,            ) | |
| Commissioner of Social Security, ) | |
|                              ) | |
|         Defendant.           ) | |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Kenneth Bauman applied for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*. His application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ issued a decision in which he found Plaintiff not disabled from the alleged onset date of August 5, 2005, through the date of the decision. Tr. 22. The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #7); Def.'s Consent to Jurisdiction (Doc. #8). Based on the Court's review of the record and the briefs of the parties, the Court REVERSES the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not

---

[2]   A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-seven years old at the time of the hearing before the ALJ. Tr. 28, 33. Plaintiff completed the eleventh grade and "took a GED." Tr. 35. Plaintiff's past relevant work experience was as a boilermaker and a welder. Tr. 35. Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of August 5, 2005 (Step 1). Tr. 16. At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "a rupture of the right distal biceps tendon and carpal tunnel syndrome." Tr. 16. The ALJ then found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments . . . ." (Step 3) Tr. 16. Next, the ALJ found that Plaintiff "has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) . . . ." Tr. 16. The ALJ then found that Plaintiff is unable to perform his past relevant work. (Step 4) Tr. 22. Next, the ALJ found that, given Plaintiff's age, education, work experience, and RFC, the Medical-Vocational Guidelines dictate a finding of "not disabled." Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . from August 5, 2005, through the date of this decision." Tr. 22.

### IV. PLAINTIFF'S CLAIMS

Plaintiff presents three issues for this Court's consideration in review of the ALJ's decision: (1) "whether the ALJ improperlty [sic] rejected the opinion of Dr. Bowman,

[Plaintiff's] treating physician[;]" (2) "whether the ALJ erred by improperly rejecting portions of Dr. Vanderzyl's opinion or in the alternative erred by exclusively relying on the medical vocational guidelines[;]" and (3) "whether the ALJ erred as a matter of law in failing to properly consider mechanics of treatment." Pl.'s Brief (Doc. #11) at 1.[5]

## V. DISCUSSION

### A. The ALJ's treatment of Plaintiff's treating physician's opinion.

Plaintiff claims that the ALJ "failed to clearly articulate reasons for giving less weight to the opinion of Dr. Bowman, [Plaintiff's] treating physician," and that such error mandates reversal. Pl.'s Brief (Doc. #11) at 8. Plaintiff also faults the ALJ for failing to "clearly articulate the weight he assigned to Dr. Bowman." *Id.* Plaintiff further asserts that, although the ALJ summarized portions of records from Dr. Bowman, including records in which Dr. Bowman released Plaintiff to perform sedentary work with some restrictions, "the ALJ's decision represents a rejection of Dr. Bowman's opinion because Dr. Bowman opined that [Plaintiff's] conditions render him much more limited than what the ALJ found." *Id.* at 9. In support of this contention, Plaintiff relies upon Dr. Bowman's notation, from July 23, 2007, that "he had released Mr. Bauman a year prior 'with job restrictions per his FCE.'" *Id.* (quoting from Tr. 378). According to Plaintiff, the FCE to which Dr. Bowman was

---

[5] This summarization of Plaintiff's claims is taken from the all-caps "STATEMENT OF ISSUES" provided on the first page of Plaintiff's brief. In quoting from this section, the Court has adjusted the typeface for purposes of continuity with the remainder of this opinion.

referring imposed numerous additional limitations to Plaintiff's ability to perform light work, and thus conflicts with the ALJ's finding that Plaintiff may perform the full range of light work. Thus, according to Plaintiff, "because the ALJ's finding of [Plaintiff's] RFC is less restrictive than that imposed by Dr. Bowman, the ALJ's decision represents an implicit rejection of Dr. Bowman's opinion," and the ALJ's purported failure to "clearly articulate the reasons for giving less weight to the opinion of" Dr. Bowman requires reversal. *Id.* at 10-11. Defendant argues that the ALJ properly did not include Dr. Bowman's more restrictive limitations in Plaintiff's RFC because "subsequent medical evidence demonstrated that Plaintiff's condition improved such that Plaintiff could perform the full range of light work." Def.'s Brief (Doc. #12) at 6. Defendant also maintains that, while the ALJ did not include some of Dr. Bowman's limitations in the RFC, the ALJ did not reject all of Dr. Bowman's opinions because Dr. Bowman gave opinions about Plaintiff's ability to return to work on multiple occasions, and at least one of those is consistent with the ALJ's determination of Plaintiff's RFC. *Id.* at 6-7.

In 2006, Dr. Bowman twice indicated that Plaintiff was cleared for "light duty." Tr. 386 (April, 24, 2006); Tr. 384 (June 5, 2006). On July 17, 2006, Dr. Bowman noted that Plaintiff was to undergo a FCE. Tr. 381. On August 14, 2006, Dr. Bowman noted that Plaintiff had the FCE, but that "we do not have a copy of that . . . ." Tr. 380. Dr. Bowman resolved to call Plaintiff with the results of the FCE and "assign an impairment rating" at a later date. Tr. 380. There does not appear to be any contemporaneous notation of this phone

call or other follow-up in the record. Indeed, there does not appear to be any record of Dr. Bowman's independent consideration and assessment of the FCE. However, almost one year later, on July 23, 2007, Dr. Bowman's treatment note indicates that "almost one year ago" Plaintiff was released to work "with job restrictions as per his FCE." Tr. 378. The FCE to which Dr. Bowman refers is the "Dictionary of Occupational Titles Residual Functional Capacity (DOT-RFC) Battery," which was performed on July 20, 2006. The examiner concluded that, based on Plaintiff's performance during the examination, Plaintiff may not return to his previous work as a boilermaker, but that he could successfully return to light work with additional restrictions, including, *inter alia*, no "standing for more than 20 minutes continuously," no "crawling on hands and feet," no "tip-pinching with the right hand," and no "Palmer-pinching with the right hand." Tr. 157.

In the ALJ's review of Dr. Bowman's treatment notes, the ALJ discusses the July 23, 2007, treatment note in which Dr. Bowman mentions the FCE from July, 2006. However, the ALJ does not discuss that portion of the treatment note. Rather, the ALJ only discusses Dr. Bowman's observations of Plaintiff at that time and his prescription of physical therapy for Plaintiff. Tr. 18. Moreover, nowhere else in his opinion does the ALJ discuss the FCE (Tr. 153-57) to which Dr. Bowman alludes in his treatment notes.

The ALJ determined that Plaintiff has the RFC "to perform the full range of light work as defined in 20 CFR 404.1567(b) . . . ." Tr. 16. "Light work" requires, in relevant part, "a good deal of walking or standing." 20 CFR 404.1567(b). Moreover, "light work" requires

the ability to stand or walk, "off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time. . . . Many unskilled light jobs are performed primarily in one location, with the ability to stand being more critical than the ability to walk." SSR 83-10. Because the FCE alluded to - and apparently endorsed - by Dr. Bowman limits Plaintiff to standing continuously for only twenty minutes, it appears that the ALJ at least implicitly rejected such evidence. However, in failing even to address the FCE or the aspect of Dr. Bowman's notes which endorses the FCE, the ALJ clearly failed to provide reasons for his rejection of the opinion.

When confronted with the opinion of a claimant's treating physician, the ALJ must afford it substantial and considerable weight unless "good cause" is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004); *see also Bliss v. Comm'r of Soc. Sec.*, 254 F. App'x 757, 758 (11th Cir. 2007) ("An ALJ may reject the opinion of a treating physician, which ordinarily receives substantial weight, where 'good cause' is established."). "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). "Where the ALJ articulated specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence," a reviewing court may not "disturb the ALJ's refusal to give the opinion controlling weight." *Carson v. Comm'r of Soc. Sec.*, 2008

WL 4962696 at *1 (11th Cir. Nov. 21, 2008).

"The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (holding the ALJ "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight"). Similarly, the ALJ is "required to state with particularity the weight he gave the different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).[6] "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart v. Schweiker*, 662 Fed.2d 731, 735 (11th Cir. 1981). However, in certain circumstances, the ALJ's failure to strictly comply with this requirement may be deemed harmless error. *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) ("An ALJ's failure to state with particularity the weight given different medical opinions is reversible error. When, however, an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand.") (citations omitted). Courts have generally found that an ALJ's failure to state what weight is afforded a particular piece of medical opinion evidence is harmless when the ALJ has relied upon

---

[6] The Eleventh Circuit has recognized that the obligation to discuss probative medical opinion evidence is not satisfied where the ALJ simply mentions the physician's report in some capacity but fails to address the physician's ultimate opinion. *Luckey v. Astrue*, 331 F. App'x 634, 640 (11th Cir. 2009).

other opinion evidence which is consistent with the omitted evidence or the omitted opinion is consistent with the ALJ's ultimate findings. *See, e.g.*, *id.* at 191; *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005).

In this case, it is apparent that the omitted opinion is not fully consistent with the ALJ's decision or other evidence relied upon by the ALJ. Furthermore, because the ALJ does not even mention the relevant FCE or the salient aspect of Dr. Bowman's treatment note that indicates his endorsement of the FCE, the Court is

> unable to conclude that the ALJ considered this opinion. Whether or not he could have articulated an adequate reason for rejecting Dr. [Bowman's] opinion (if he considered it) is beside the point. The court is unable to review an analysis that the ALJ did not explicitly conduct. *See McCloud v. Barnhart*, 166 F. App'x 410, 418-19 (11th Cir. 2006) ("The AlJ may reject the opinion of any physician when the evidence supports a contrary conclusion. The ALJ is required, however, to state with particularity the weight he gives to different medical opinions and the reasons why. Here, the ALJ neither explained the weight that he gave to Newman's report nor why he discredited Newman's findings regarding McCloud's ability to engage in prolonged work. On remand, the ALJ must make these determinations.") (citations omitted).

*Martin v. Astrue*, 2010 WL 743176 at *2 (M.D. Ala. Feb. 26, 2010). Likewise, while there is evidence in the record which supports the ALJ's conclusion, and while the ALJ might have been able to articulate adequate grounds for his rejection of Dr. Bowman's opinion, the ALJ wholly failed to discuss the opinion or the underlying evidence upon which it was based. Indeed, to the extent the ALJ addressed any opinion of Dr. Bowman's, the ALJ only claimed that Dr. Bowman's opinion supports his RFC findings. Tr. 20. However, as discussed above, Dr. Bowman rendered several opinions, and the latest of those opinions, which

11

endorses a FCE that conflicts with the ALJ's RFC, was not even discussed by the ALJ. As such, the Court is simply unable to assess the sufficiency of "an analysis that the ALJ did not explicitly conduct." Accordingly, this matter is due to be reversed and remanded to the Commissioner so that the ALJ may properly consider Dr. Bowman's opinion endorsing the July 20, 2006, FCE.

## VI. CONCLUSION

The Court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is REVERSED and this case is REMANDED to the Commissioner. A separate judgment will issue.

DONE this 20th day of December, 2010.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE